IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIO MEDINA**, | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-73 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Richard A. Lanzillo** |
| **OFFICER JONES, et al.**, | )_ | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Mario Medina, an inmate incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania, originally filed this *pro se* civil rights action in the Court of Common Pleas of Forest County, Pennsylvania, based on events that occurred during his prior incarceration at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"). Plaintiff's complaint asserted claims against Defendant Correct Care Solutions, LLC/Wellpath, LLC ("Wellpath"), the company contracted to provide medical services to inmates at Pennsylvania's correctional institutions, and ten (10) staff members employed at SCI-Forest, five who were identified by name[1] and five who were identified as John/Jane Doe Defendants (these ten Defendants are collectively referred to as "DOC Defendants"). The action was removed to this Court by Notice of Removal filed by Defendant Wellpath on February 25, 2022 [ECF No. 1], and was referred to United States Magistrate Judge Richard A. Lanzillo for

---

[1] Rene Adams-Kinzel, Deputy Superintendent for Centralized Services; Derek Oberlander, Superintendent; Ernest Mongeluzzo, Deputy Superintendent for Facilities Management; and Sergeant Winger and Officer Jones, Corrections Officers.

report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff subsequently filed an amended complaint on May 15, 2022, which is the operative pleading in this case [ECF No. 24]. Plaintiff alleges that, in late 2019 and early 2020, he was accused of possessing drugs and was suspected of consuming the drugs to hide them. According to Plaintiff, Defendants John/Jane Does 2-5 entered his cell, twisted his genitals and choked him to make sure he didn't swallow anything, and was then placed in a cell without any clothes ("cold cell") to see if he would pass any drugs (Id. at ¶ 17). About a month later, he was removed from the cold cell and escorted to the psychiatric unit by Defendants John Doe 1 and Officer Jones, the latter of whom allegedly pushed Plaintiff during the escort, causing him to fall down a flight of steps (Id. at ¶ 22).

Based on the foregoing allegations, Plaintiff asserts three counts: an Eighth Amendment failure to protect claim (Count I); an Eighth Amendment deliberate indifference to medical needs claim (Count II); and an excessive use of force claim under the Fourth, Eighth, and Fourteenth Amendments, combined with a state law claim of assault and battery (Count III).

On May 31, 2022, the DOC Defendants filed a motion to dismiss all claims against them, except for the excessive use of force claim [ECF No. 26]. Defendant Wellpath subsequently filed its own motion to dismiss on August 9, 2022 [ECF No. 34]. On September 8, 2022, Plaintiff filed a single opposition brief in response to both motions to dismiss [ECF No. 40], in which he states that he is withdrawing "without prejudice" all claims against Defendants Wellpath and DOC Defendants Adams-Kenzel, Oberlander, Mongeluzzo, and Winger, as well as the Eighth Amendment deliberate indifference claim (Count II) and the state law assault and battery claim

(part of Count III). Thus, according to Plaintiff, the only claims remaining are his failure to protect and excessive use of force claims against DOC Defendants Officer Jones, Jane Doe 2, and John Does 3-5, in both their official and individual capacities.

On November 10, 2022, Magistrate Judge Lanzillo issued a report and recommendation ("R&R"), recommending that the DOC Defendants' motion to dismiss be granted, and that Defendant Wellpath's motion to dismiss be denied as moot [ECF No. 43]. Specifically, Judge Lanzillo has recommended that the DOC Defendants' motion be granted as to Plaintiff's Eighth Amendment failure to protect claim because Plaintiff has failed to allege that any Defendant knew of and disregarded a substantial risk of harm prior to either alleged incident of excessive force; however, Judge Lanzillo's recommends that dismissal of this claim should be without prejudice to Plaintiff's right to amend his complaint "to attempt to state a claim that Defendants failed to protect him from assault perpetrated by other prison officials" if he so desires. In addition, Judge Lanzillo properly determined that Plaintiff's purported "withdrawal" of some but not all claims against DOC Defendants Officer Jones and unnamed Defendants John/Jane Does 1-5 was not proper or effective under Rule 41(a) of the Federal Rules of Civil Procedure. Nonetheless, Judge Lanzillo determined that, since Plaintiff has not opposed the DOC Defendants' motion to dismiss his deliberate indifference and state law assault and battery claims, such claims should be deemed abandoned and dismissed with prejudice (ECF No. 43, at p. 10).

Objections to the R&R were due to be filed by November 25, 2022; however, no timely objections have been filed.

After *de novo* review of the relevant documents in this case, together with the report and

recommendation, the following order is entered:

AND NOW, this 9th day of December, 2022;

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 26] is GRANTED as to Plaintiff's deliberate indifference to medical needs claim (Count II) and Plaintiff's state law assault and battery claim (part of Count III), and such claims are DISMISSED, with prejudice; and the DOC Defendants' motion to dismiss Plaintiff's failure to protect claim (Count I) is GRANTED, without prejudice to Plaintiff's right to amend his complaint to attempt to state a claim that Defendants failed to protect him from assault perpetrated by other prison officials, if he so desires and is able to do so. Any such amendment shall be filed within thirty (30) days of the date of this Order. Plaintiff's failure to file an amendment within such time shall result in dismissal, with prejudice, of his Eighth Amendment failure to protect claim, without further notice.

IT IS FURTHER ORDERED that Defendant Wellpath's motion to dismiss [ECF No. 34] is DENIED AS MOOT, in light of Plaintiff's withdrawal of all claims against said Defendant. Because Plaintiff has voluntarily withdrawn all claims against Defendants Wellpath, Adams-Kenzel, Oberlander, Mongeluzzo, and Winger, the Clerk is directed to terminate said Defendants from this case.

The report and recommendation of Magistrate Judge Lanzillo, issued November 10, 2022 [ECF No. 43], is adopted as the opinion of the Court

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        U.S. Magistrate Judge